The NORDAM GROUP,
INC., Petitioner,

v.

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION;
Elaine L. Chao, United States Secretary of Labor, Respondents.

Nos. 01–9524, 99–0954.

United States Court of Appeals,
Tenth Circuit.

June 12, 2002.

Before EBEL, HOLLOWAY, and
MURPHY, Circuit Judges.

## ORDER AND JUDGMENT*

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner The NORDAM Group, Inc., (NORDAM) appeals a decision of the Occupational Health and Safety Review Commission (the Commission) permitting the Secretary of Labor to amend the citation issued to NORDAM to conform to the evidence presented at the hearing before the administrative law judge (ALJ). We deny the petition for review.

## I. Background

NORDAM is in the business of manufacturing and repairing aerospace components. On March 25, 1999, Ms. Contreras, an OSHA inspector, visited NORDAM's facilities in Tulsa, Oklahoma, following up on a complaint that fiberglass particles were migrating from the manufacturing areas into clerical offices. Ms. Contreras' investigation did not reveal a violation on this basis, but she did observe a number of employees grinding and sanding fiberglass components while wearing no protective eyewear.[1] Those employees that did wear protective eyewear wore safety glasses only; they did not wear goggles or safety glasses with side shields, which Ms. Contreras believed would be necessary to protect employees from flying fiberglass particles.

Following Ms. Contreras' inspection, OSHA issued a citation to NORDAM for violation of 29 C.F.R. § 1910.133(a)(1), which provides: "The employer shall ensure that each affected employee use appropriate eye or face protection when exposed to eye or face hazards from flying particles, molten metal, liquid chemicals,

acids or caustic liquids, chemical gases or vapors, or potentially injurious light radiation." NORDAM filed a notice of contest, which triggered a hearing before the ALJ.

At the hearing, Ms. Contreras described what she observed on the day of the inspection, namely, a number of employees grinding fiberglass components while not wearing any protective eyewear (i.e., neither safety glasses, safety glasses with side shields, nor goggles). NORDAM did not object to the introduction of this testimony. Rather, NORDAM presented a twofold response. First, it contradicted Ms. Contreras' testimony with that of Ms. Saltsman, who represented NORDAM during Ms. Contreras' inspection. Ms. Saltsman claimed that she did not observe any employees without personal protective equipment in areas where it would be required.

Second, NORDAM questioned several witnesses about the existence and enforcement of its safety policies. NORDAM introduced into evidence a memo outlining its requirements for eye safety, and asked its witnesses to comment on a number of individual personnel files, with the goal of demonstrating that NORDAM reprimanded and in some cases terminated employees for safety violations.

The ALJ found that while NORDAM claimed to have a protective eyewear policy, the evidence failed to establish that this policy was successfully enforced. The testimony regarding whether employees were wearing eye protection on the day of the inspection was conflicting and therefore the ALJ was required to make a credibility determination, which he resolved in favor of Ms. Contreras.

---

1. During the inspection, Ms. Contreras was accompanied by Ms. Saltsman, an independent safety consultant hired by NORDAM to assure compliance with various safety regulations. Ms. Saltsman contradicted Ms. Contreras' report, claiming that during the inspection she never observed any employees without the required personal protective equipment. The ALJ made a credibility determination in favor of Ms. Contreras.

NORDAM filed a petition for discretionary review with the Commission, arguing that the ALJ could not decide against NORDAM for failure to enforce its safety policies because this issue was not included in the citation. The Secretary of Labor then moved to amend the citation pursuant to Fed.R.Civ.P. 15(b), arguing that the parties had actually tried and consented to trial of the issue of whether NORDAM failed to ensure that its employees wore some form of protective eyewear when circumstances called for it. NORDAM objected, asserting that the testimony about NORDAM's safety policies and enforcement of those policies was along the lines of background information and that it had no notice that it was defending against the specific charge that the Secretary now sought to add.

The Commission permitted the amendment, concluding that NORDAM had squarely recognized the issue and consented to its trial, pointing out that NORDAM had elicited testimony regarding its policies and their enforcement and had not objected to the Secretary's questioning regarding those same issues.

## II. Analysis

■ On appeal, NORDAM reiterates its assertion that it did not consent to trial of the issue of whether it adequately enforced its policies requiring employees to wear eye protective equipment.

Federal Rule of Civil Procedure 15(b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." "Implied consent is found where the parties recognized that

the issue entered the case at trial and acquiesced in the introduction of evidence on that issue without objection." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 457 (10th Cir.1982) (no abuse of discretion where party was on notice that issue had been raised, did not object to other party's evidence, introduced evidence of its own on the issue, and failed to show what other evidence it would have introduced). The determination under Rule 15(b) of whether parties have impliedly consented to trial of an unpleaded issue is subject to review for abuse of discretion.[2] *See Rios v. Bigler*, 67 F.3d 1543, 1551 (10th Cir.1995).

## A. NORDAM had reasonably particular notice of the violation alleged

"An OSHA citation must give reasonably particular notice so that the cited employer will understand the charge being made and will have a full and fair opportunity to prepare and present a defense." *Baroid Div. of NL Indus., Inc. v. Occupational Safety & Health Review Comm'n*, 660 F.2d 439, 448 (10th Cir.1981); *see also* 29 U.S.C. § 658(a) (each citation issued by OSHA must "describe with particularity the nature of the violation").

Here, the citation issued to NORDAM stated in relevant part:

29 CFR 1910.133(a)(1): Protective equipment was not required where there was a reasonable probability of injury that could be prevented by such equipment:

In the finish layout department, the employer did not provide side shields and/or goggles to employees engaged in

**2.** Contrary to NORDAM's assertion, the fact that amendment of the pleadings may under some circumstances implicate due process concerns does not mean that the abuse of discretion standard applicable to Rule 15(b) determinations is supplanted by the overarching de novo standard applicable to questions of law.

sanding and grinding fiberglass parts. This hazard exposes employees to eye irritation and corneal abrasions.

R. Vol. 3, Citation and Notification of Penalty at 4. While the second portion of the citation focuses on the more narrow issue of side shields and goggles, the cited regulation and more general statement that protective equipment was not required put NORDAM on notice that the relevant issue was whether its employees were adequately protected from eye and/or face hazards.

Further, prior to the hearing, the Secretary of Labor submitted a position statement reading as follows: "Respondent violated 29 CFR 1910.133(a)(1) by failing to require that its employees wear protective eye equipment in the finishing and layup department. Said employees were grinding fiberglass and exposed to eye irritations and corneal abrasions." R. Vol. 3, Secretary of Labor's Statement of Position, Witnesses and Exhibits at 1. In framing its own position, NORDAM stated: "With respect to Citation 1, Item 2, which is based on the Respondent not having an eye safety program, the Respondent disputes this allegation in that in place was a written policy concerning the wearing of personal protective eye equipment." R. Vol. 3, Respondent's Position Statement at 1. NORDAM thus sought to shift the focus to the question of whether it had in place a written policy on eye safety. This formulation of the issue, however, mischaracterizes the issue as set forth by the Secretary. The Secretary's pre-hearing position statement gave NORDAM reasonably particular notice that NORDAM's failure to require appropriate eye protective equipment was the basis for the citation.

**B. To the extent any new issues were raised, NORDAM consented to their trial**

▮ Even if we assume that the citation itself and the Secretary's pre-hearing posi-

tion statement did not provide adequate notice, NORDAM consented to trial of the violation found by the ALJ. At most what changed between the citation and the hearing was the specific factual allegation underpinning the violation. The general category of violation was not amended, and the standard for assessing whether a violation had occurred did not change. *Cf. R.A. Pohl Constr. Co. v. Marshall*, 640 F.2d 266, 268 (10th Cir.1981) ("Under these circumstances where the change made in the complaint brings the case under different standards, where there is no indication by the administrative law judge that the [amended] standards were tried by implied consent, [and] where the record contains no such consent, ... the amendment cannot be allowed."). Both the absence of side shields and/or goggles as well as the absence of any protective gear whatsoever are relevant to whether NORDAM failed to "ensure that each affected employee use appropriate eye or face protection when exposed to eye or face hazards from flying particles." 29 C.F.R. § 1910.133(a)(1).

Further, it is clear that at the time of the hearing, NORDAM had notice of the change in focus of the specific factual allegation underpinning the charged violation. Ms. Contreras testified to the absence of any protective eyewear on a number of employees the day of her inspection. NORDAM did not object to introduction of this testimony. Further, NORDAM introduced its own evidence in an effort to rebut Ms. Contereras' testimony (i.e., Ms. Saltsman's claim that all employees wore protective eye equipment on the day of the inspection).

Finally, the question of whether NORDAM successfully enforced its safety policies was not raised by the Secretary, but was the framework NORDAM itself chose

for its defense. "A trial court should find ... implied consent [to trial of an unpleaded issue] either when the consenting party introduces the evidence on the new issue or fails to object when the other party introduces such evidence." *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1235 (10th Cir.2000).

For these reasons, amendment of the citation under Rule 15(b) was permissible. NORDAM has failed to demonstrate that the Commission abused its discretion.

The petition for review is DENIED.